UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 21, 2015
```

------------------------------------------------------------ X

FENG LI,                                               :
                                                       :
                        Plaintiff,                     :
                                                       :
            -v-                                        :        15-cv-2484 (KBF)
                                                       :
STUART BABNER et al.,                                  :        OPINION & ORDER
                                                       :
                        Defendants.                    :
                                                       :
------------------------------------------------------------ X

KATHERINE B. FORREST, District Judge:

      Plaintiff, Feng Li ("Li'), an attorney who is proceeding pro se, paid the filing

fee to bring this action alleging that his constitutional rights were violated during

New Jersey state court proceedings that resulted in his disbarment in that state.[1]

The Court dismisses the complaint for the reasons set forth below.

I.      BACKGROUND

      The complaint sets forth the following facts.  Li came to the United States

from China in 1991 at the age of 25; English is his second language.  In 1994, Li

earned a master's degree in civil engineering from Louisiana Tech University.  In

2003, Li graduated from Rutgers Law School, and the following year he was

admitted to practice law in New York and New Jersey.  (ECF No. 1 ("Compl.") ¶ 14.)

In 2013, Li was disbarred in New Jersey for conduct arising out of litigation in the

New York State Supreme Court, Queens County (the "Queens case").  (Compl. ¶¶

---

[1] In the Matter of Feng Li, 65 A.3d 254 (N.J. Sup. Ct. 2013).  Plaintiff may still practice in the New York State courts, this Court, and in the United States District Court for the District of New Jersey. (Compl. ¶ 15.)

15, 17.)  Li's New Jersey disbarment is the subject of this complaint.  Named as defendants in this action are Stuart Babner, Justice of the State of New Jersey; Arthur Bergman, Judge of the State of New Jersey; Bernard A. Kuttner, Special Ethics Master of the State of New Jersey; Janice L. Richter, Counsel of Office of Ethics Counsel; Office of Attorney Ethics Disciplinary Review Board; the Supreme Court of New Jersey; the Superior Court of New Jersey; and the State of New Jersey.  (Compl. ¶¶ 4-12.)

It was no small feat for this Court to unravel the facts underlying this matter.  At 126 pages long, Li's complaint is both repetitive and disjointed.  Further complicating matters, Li has attached 500 pages of documents to the complaint, including portions of submissions and transcripts from the Queens case, appeals, and related litigation in New York and New Jersey courts.  The Court gained some insight into how all these events fit together by reviewing the decision in Li v. Peng, 516 B.R. 26 (D.N.J. 2014), appeal pending, No. 14-3738 (3d Cir. 2014) (the "bankruptcy appeal decision").[2]

In 1990, attorneys other than Li filed the Queens case, which asserted fraud and breach of fiduciary duty claims in connection with a soured real estate deal. After the Queens case languished for over a decade, in 2005 the plaintiffs in that action hired Li to represent them.  (Compl. ¶ 17.)  At the time, Li was a relatively newly minted attorney.  (Compl. ¶ 21.)  However, Li and the plaintiffs were comfortable with each other, in part because they shared a common ethnic heritage.

---

[2] See Anderson v. Rochester-Genesee Reg'l Transp. Auth., 337 F.3d 201, 205 n.4 (2d Cir. 2003) (collecting cases supporting the proposition that a court may take judicial notice of record in prior related action).

(Compl. ¶ 16.)  Li and the plaintiffs signed a contingency fee agreement entitling Li to one-third of any monies recovered.  (Compl. ¶¶ 22-25 & ex. 4.)  The bankruptcy appeal decision characterized the fee agreement as "hastily drafted and contain[ing] numerous, serious ambiguities and omissions."  Li, 516 B.R. at 31.

In any event, "[a]fter what all parties acknowledge[d] was a significant expenditure of effort by" Li "over four years, including a full trial," the plaintiffs won a $3.5 million judgment that included "both damages and substantial prejudgment interest."  Li, 516 B.R. at 31.  However, when it came time to disburse the money, a dispute arose over Li's fee.  The Court declines to recount the specifics of the dispute because it is unnecessary for the resolution of this matter, although Li explores it at great length in his complaint.  Suffice it to say that Li believed that he was entitled to prejudgment interest as part of his fee, and his clients disagreed.  Li apparently moved a substantial sum of money out of his attorney trust account before the dispute was resolved.

According to the bankruptcy appeal decision, the plaintiffs filed a lawsuit against Li in the Superior Court of New Jersey, Law Division, Middlesex County.  Li filed a lawsuit in the Supreme Court of New York, Westchester County, seeking to enjoin the New Jersey action.  The Westchester Supreme Court declined to grant Li that relief, and the Second Department affirmed that decision.  Li filed for bankruptcy in New Jersey, and the plaintiffs filed a complaint against Li with the New Jersey Office of Attorney Ethics, which led to Li's disbarment.  Li, 516 B.R. at 32-34; Li, 65 A.3d 254.

The crux of Li's argument in this complaint is that New Jersey lacked jurisdiction to disbar him because the underlying matter was litigated in New York; the parties and subject property in that case were in New York; the fee agreement was signed in New York and was governed by New York law; and that he deposited the disputed funds in his New York attorney trust account.  (See, e.g., Compl. ¶¶ 22-25, 42-44.)  Li asserts under 42 U.S.C. § 1983 that his constitutional rights were violated, and he seeks injunctive relief and money damages.

II.    LEGAL STANDARD FOR DISMISSAL

The Court has the authority to dismiss a frivolous complaint sua sponte, even when the plaintiff has paid the filing fee.  See Fitzgerald v. First East Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam).  A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory."  Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

The Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)) (emphasis in original).  However, "the appropriate degree of special solicitude is not identical with regard to all pro se litigants," and "a lawyer representing himself ordinarily receives no such solicitude at all."  Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010).

III.    DISCUSSION

    A.    Eleventh Amendment

The Eleventh Amendment bars Li's claims against New Jersey, the state agencies, and state officials in their official capacities.  The Eleventh Amendment bars from federal court all suits by private parties against a state unless the state consents to such a suit or Congress has expressly abrogated its immunity.  See Bd. of Trustees v. Garrett, 531 U.S. 356, 363-64 (2001); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984).  A state's immunity extends to state officials sued in their official capacities where the state is the "real, substantial party in interest," Huang v. Johnson, 251 F.3d 65, 69-70 (2d Cir. 2001) (quoting Pennhurst, 465 U.S. at 101-02).  The Eleventh Amendment also extends to state agencies.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Dube v. State Univ. of New York, 900 F.2d 587, 594-95 (2d Cir. 1990).

Because neither the State of New Jersey nor its officials have consented to being sued in federal court under 42 U.S.C. § 1983, and Congress has not expressly abrogated New Jersey's immunity, Li's claims against New Jersey and its agencies, and his official capacity claims against New Jersey officials, are barred by the Eleventh Amendment.

    B.    Rooker-Feldman Doctrine

Li's challenge to the New Jersey state court judgment disbarring him is precluded under the Rooker-Feldman doctrine.  The doctrine—created by two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983)—precludes federal

district courts from reviewing final judgments of the state courts, except for constitutional challenges raised on direct appeal to the United States Supreme Court and reviews pursuant to an application for a writ of habeas corpus. See 28 U.S.C. § 1257(a) (the United States Supreme Court has the sole authority to review a state court's judicial decisions).  In other words, district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Green v. Mattingly, 585 F.3d 97, 101 (2d Cir. 2009) (explaining the four circumstances requiring application of the Rooker-Feldman doctrine); Brooks-Jones v. Hones, 916 F. Supp. 280, 281 (S.D.N.Y. 1996) ("[A] plaintiff also may not seek reversal of a state court judgment simply by casting [his] complaint in the form of a civil rights action." (internal quotation mark omitted)).

Here, Li alleges that he lost in state court; complains of injuries caused by [a] state-court judgment; and asks this Court to review and reject the state court's judgment.  His challenge to the New Jersey state court judgment disbarring him is therefore precluded under the Rooker-Feldman doctrine.  See Abrahams v. Appellate Div., 311 Fed. App'x 474, 475 (2d Cir. 2009) ("A challenge to a state judge's exercise of jurisdiction to suspend an attorney from practice is, in effect, a request to review the state court's judgment suspending the attorney from practice, which is precluded by the Rooker-Feldman doctrine."); see also Neroni v. Zayas, No.

6

13-CV-0127 (LEK/DEP), 2014 WL 1311560, at *4 (N.D.N.Y. Mar. 31, 2014)
(dismissing action on Rooker-Feldman grounds because the plaintiff lost his state-
court disbarment proceeding).

     C.     Immunity

          1.     Judicial immunity.

     Li's claims against Justice Babner and Judge Bergman must be dismissed on
the basis of judicial immunity.  Judges have absolute immunity from suit for
judicial acts performed in their judicial capacities.  Mireles v. Waco, 502 U.S. 9,
11(1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from
ultimate assessment of damages."); Jackson v. Pfau, 523 Fed. App'x 736, 737-38 (2d
Cir. 2013).  "[J]udicial immunity is not overcome by allegations of bad faith or
malice," nor can a judge "be deprived of immunity because the action he took was in
error. . . or was in excess of his authority."  Mireles, 502 U.S. at 12-13 (quotation
omitted).  Judicial immunity protects judges for their judicial acts, Stump v.
Sparkman, 435 U.S. 349, 356 (1978), which includes "acts arising out of, or related
to, individual cases before the judge," Bliven v. Hunt, 579 F.3d 204, 210 (2d Cir.
2009).

     Li's claims against Justice Babner and Judge Bergman arise out of acts
performed in their judicial capacities.  Because these Defendants are absolutely
immune from suit for judicial action taken in matters pending before them, Li's
§ 1983 claims against them cannot proceed.

    2.    Quasi-judicial immunity.

Li's claims against Bernard A. Kuttner, Special Ethics Master of the State of New Jersey, and Janice L. Richter, Office of Ethics Counsel, must also be dismissed. The doctrine of quasi-judicial immunity extends absolute immunity to "certain others who perform functions closely associated with the judicial process," Cleavinger v. Saxner, 474 U.S. 193, 200 (1985).  The Supreme Court has held that an attorney "disciplinary proceeding is judicial in nature." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 433 (1982) (quotation omitted). Because a state grievance committee acts "as a quasi-judicial body," its members are entitled to quasi-judicial immunity.  See Anonymous v. Ass'n of the Bar of N.Y., 515 F.2d 427, 433 (2d Cir. 1975); Truong v. McGoldrick, et al., No. 06-CV-1430 (SAS), 2006 WL 1788960, at *3-4 (S.D.N.Y. 2006); Thaler v. Casella, 960 F. Supp. 691, 700 (S.D.N.Y. 1997).  Insofar as Li names Kuttner and Richter for their involvement in the disbarment action, they are entitled to quasi-judicial immunity.

    D.    Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise its supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction."  The Court declines to exercise supplemental jurisdiction over any remaining state-law claims set forth in Li's complaint, and therefore dismisses them.  See Martinez v. Simonetti, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state law claims where no federal claims remained).

     E.    <u>Denial of Leave to Amend</u>

District courts generally grant a <u>pro se</u> plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  <u>See</u> <u>Hill v. Curcione</u>, 657 F.3d 116, 123 (2d Cir. 2011).  Further, because Li is a trained lawyer, the Court need not afford him the special solicitude ordinarily afforded to <u>pro se</u> litigants.  As Li's claims cannot be cured with an amendment, the Court declines to grant Li leave to amend his complaint.

## IV.  CONCLUSION

For the reasons set forth above, Li's claims are dismissed for failure to state a claim and on immunity grounds.  28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith and therefore denies <u>in forma pauperis</u> status for the purpose of an appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate this action.

SO ORDERED.

Dated:     New York, New York
          April 21, 2015

                         KATHERINE B. FORREST
                       United States District Judge